# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.D.,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center, et al.,<br><br>         Respondents. | Case No.: 26-cv-1203-BJC-JLB<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND LEAVE TO PROCEED UNDER PSEUDONYM AS MOOT [ECF NOS. 1, 2, 3]** |

  On February 25, 2026, Petitioner, proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, along with a Motion for Temporary Restraining Order, and Motion to Proceed Under Pseudonym. ECF Nos. 1, 2, 3. Petitioner is a citizen of Nicaragua and entered the United States without inspection on April 26, 2022. He was subsequently released from DHS custody with a grant of parole on April 27, 2022. Petitioner was enrolled in the Alternatives to Detention ("ATD") program. Since his release, Petitioner has been living in Connecticut with his wife, 3 daughters, and 2 grandchildren.

  Petitioner was re-arrested by Immigration and Customs Enforcement ("ICE") officers on October 15, 2025, during a workplace enforcement raid in Hamden, Connecticut. Petitioner was transported to Massachusetts and detained in DHS custody.

1  He was then transferred to the Otay Mesa Detention Center in San Diego, CA, where he
2  remains in detention. Petitioner's removal proceedings remain ongoing. His next
3  immigration court hearing is scheduled for March 3, 2026

4      Petitioner requests that the Court order his immediate release from ICE custody and
5  return him to the status quo, which includes returning any documents that the Respondents
6  may have confiscated and not subject him to an ankle monitor or other new conditions of
7  release. ECF No. 1 at 26. Petitioner further requests that the Court issue an order enjoining
8  the Respondents from re-detaining him, unless the government provides him with a hearing
9  before a neutral adjudicator. *Id.* In the alternative, Petitioner requests that the Court order
10 an immediate bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.*

11     The Court set a briefing schedule on February 26, 2026. ECF No. 3. Respondents
12 filed a return on March 2, 2026. ECF No. 6.

13 **I.    LEGAL STANDARD**

14     Courts may grant habeas corpus relief to those "in custody in violation of the
15 Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v.*
16 *Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ
17 of habeas corpus remains available to every individual detained within the United States.").
18 Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in
19 violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v.*
20 *I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

21 **II.    DISCUSSION**

22     Petitioner contends his detention violates the Due Process Clause of the Fifth
23 Amendment, and the Administrative Procedures Act ("APA"). ECF No. 1 at 25.
24 Respondents do not address Petitioner's due process or APA arguments. Instead,
25 Respondents acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and is
26 entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C.
27 § 1226(a).

28     Under applicable regulations, parole is "terminated upon written notice to the

[noncitizen]." 8 C.F.R. § 212.5(e)(2).  Additionally, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination, prior to termination of his parole.  *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025).  Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained.  The Court finds Petitioner's revocation of his release and detention violates the APA and due process rights.

### III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus.  Respondents shall immediately release Petitioner under the previously determined conditions, return any confiscated documents to Petitioner, and refrain from requiring an ankle monitor on Petitioner.  Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process.  The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated:  March 3, 2026

_____
Honorable Benjamin J. Cheeks
United States District Judge